# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL CULBERTSON, KATHY NEAL, KELLY ALLISON-PICKERING, JESSICA HAIMAN, ALEXANDER CABOT, BRIANA JULIUS, NICHELLE NEWLAND, BERNADETTE NOLEN and ALEXANDRIA POLICHENA, *individually and on behalf of all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> DELOITTE CONSULTING LLP, <br><br> Defendant. | Case No.: 1:20-cv-3962-LJL (lead case) <br><br> *Consolidated with* <br> Case No.: 1:20-cv-4129-LJL <br> Case No.: 1:20-cv-4077-LJL <br> Case No.: 1:20-cv-4362-LJL <br> Case No.: 1:20-cv-5070-LJL |

**ORDER APPOINTING INTERIM CLASS COUNSEL PURSUANT TO <u>FEDERAL RULE OF CIVIL PROCEDURE 23(g)</u>**

This matter comes before the Court on Plaintiffs' Motion for Appointment of Interim Lead Counsel, Interim Liaison Counsel, and Interim Executive Committee. All plaintiffs, plaintiffs' counsel and defense counsel have consented. The Court being fully advised and good and sufficient cause appearing therefore, the Motion is hereby GRANTED.

· **IT IS HEREBY ORDERED:**

    A. **Appointments to Interim Counsel Leadership Structure**

        1. **Plaintiffs' Interim Lead Counsel**

The Court appoints Jeffrey Goldenberg of Goldenberg Schneider, L.P.A. as Interim Lead Counsel for all Plaintiffs. Interim Lead Counsel must assume responsibility for the following duties during all phases of this litigation:

i. Coordinating the work of preparing and presenting all of Plaintiffs' claims and otherwise coordinating all proceedings, including organizing and supervising the efforts of Plaintiffs' counsel in a manner to ensure that Plaintiffs' pretrial preparation is conducted effectively, efficiently, expeditiously, and economically;

ii. Delegating work responsibilities and monitoring the activities of all Plaintiffs' counsel—including, but not limited to, those counsel serving on the Interim Executive Committee—in a manner to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense;

iii. Calling meetings of Plaintiffs' counsel for any appropriate purpose, including coordinating responses to questions of other parties or of the Court, and initiating proposals, suggestions, schedules, and any other appropriate matters;

iv. Determining (after consultation with members of the Interim Executive Committee and other co-counsel as may be appropriate) and presenting (in briefs, oral argument, or such other fashion as he or his designee may deem appropriate) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial (and, if appropriate, trial) proceedings;

v. Serving as the primary contact for all communications between Plaintiffs and Defendant, and acting as spokesperson for all Plaintiffs vis-à-vis Defendant and the Court;

Case 1:20-cv-03629-JJL Document 75-1 Filed 09/15/20 Page 2 of 7 8

vi. Directing and executing on behalf of Plaintiffs the filing of pleadings and other documents with the Court, or directing Liaison Counsel to do the same;

vii. Appearing at all court hearings and conferences regarding the case as most appropriate for effective and efficient representation, and speaking for Plaintiffs at all such hearings and conferences;

viii. Receiving and initiating communication with the Court and the Clerk of the Court (including receiving orders, notices, correspondence, and telephone calls) and dispensing the content of such communications among Plaintiffs' counsel;

ix. Initiating and conducting discussions and negotiations with counsel for Defendant on all matters, including settlement;

x. Negotiating and entering into stipulations with opposing counsel as necessary for the conduct of the litigation;

xi. Initiating, coordinating, and conducting all discovery on Plaintiffs' behalf and ensuring its efficiency;

xii. Selecting, consulting with, and employing experts for Plaintiffs, as necessary;

xiii. Encouraging and enforcing efficiency among all Plaintiffs' counsel;

xiv. Assessing Plaintiffs' counsel for the costs of the litigation;

xv. Consulting with the Interim Executive Committee to fulfill the committee's obligations as Interim Lead Counsel shall direct;

  xvi. Preparing and distributing periodic status reports to the Court and to the parties as ordered; and

  xvii. Performing such other duties as are necessary in connection with the prosecution of this litigation or as may be further directed by the Court.

 **2. Plaintiffs' Interim Liaison Counsel**

The Court appoints Frederic Fox of Kaplan Fox & Kilsheimer LLP as Interim Liaison Counsel for all Plaintiffs. Interim Liaison Counsel is responsible for performing the duties and responsibilities described in the MANUAL FOR COMPLEX LITIGATION § 21.221 (4th ed. 2004), including facilitating and expediting communications with and among Plaintiffs' counsel and fulfilling such other duties as requested by the Court or Interim Lead Counsel. The Court also orders the following:

  i. Interim Liaison Counsel is designated as the counsel for all Plaintiffs in all cases upon whom others must serve all notices, orders, pleadings, motions, discovery, and memoranda.

  ii. Interim Liaison Counsel is authorized to: (a) receive orders, notices, correspondence, and telephone calls from the Court and the Clerk of the Court on Plaintiffs' behalf; (b) prepare and transmit copies of such orders and notices on Plaintiffs' behalf; and (c) receive orders and notices from the Judicial Panel on Multidistrict Litigation, if any.

  iii. Interim Liaison Counsel shall maintain complete files with copies of all documents served and make such files available to all Plaintiffs' counsel on request.

      iv.    Interim Liaison Counsel must maintain and make available to all counsel and the Court an up-to-date service list.

      v.    Interim Liaison Counsel shall assume other responsibilities as may be deemed appropriate by Interim Lead Counsel or as ordered by the Court.

3. **Interim Executive Committee**

The Court appoints as members of the Interim Executive Committee the following attorneys:

Katrina Carroll (Carlson Lynch LLP)

Gary Mason (Mason Lietz & Klinger LLP)

Charlie Schaffer (Levin Sedran & Berman LLP)

John Yanchunis (Morgan & Morgan)

Tiffany Yiatras (Consumer Protection Legal LLC)

Melissa Weiner (Pearson, Simon & Warshaw, LLP)

Thomas Zimmerman (Zimmerman Law Offices, P.C.)

B. <u>**Additional Matters**</u>

1. <u>**Settlement Discussions**</u>

Any discussions of a settlement of this litigation shall be conducted by Interim Lead Counsel and any counsel designated by Interim Lead Counsel.

2. <u>**Proposed Agendas**</u>

In advance of each status conference, Interim Lead Counsel and Defendant's counsel will meet and confer regarding the agenda for the conference. Unless otherwise ordered, Interim Lead Counsel and Defendant's counsel will file a joint notice setting out the proposed agenda and the

5

parties' joint and/or respective positions no later than five calendar days prior to each status conference.

### 3. Plaintiffs' Counsel Time and Expense Records

Pending further direction from Interim Lead Counsel and/or order of the Court, the procedure for Interim Lead Counsel to manage and approve Plaintiffs' counsel's time and expenses shall be as follows:

All Plaintiffs' counsel must keep contemporaneous records of their time and expenses devoted to this matter. Those records must reflect the date the legal service was rendered or expenses incurred, the nature of the service or expense, and the number of hours (measured in one-tenths of an hour) consumed by the service or the amount of the expense. Plaintiffs' counsel must submit these records for the preceding month in summary form by the end of each month to Interim Lead Counsel. Failure to comply with this procedure may render the expenses non-reimbursable at the discretion of Interim Lead Counsel.

### 4. Application of this Order

This Order applies to all actions included in Master File No. 1:20-cv-3962-LJL and subsequently transferred actions that are consolidated with this action.

Interim Liaison Counsel must serve a copy of this Order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on counsel for Plaintiffs in each related action not yet consolidated in this proceeding to the extent that Interim Liaison Counsel is aware of any such action(s) and on all attorneys for Plaintiffs whose cases have been so consolidated but who have not yet registered for ECF.

**IT IS SO ORDERED:**

**DATED:** 9/15/2020

**HON. LEWIS J. LIMAN**
**UNITED STATES DISTRICT JUDGE**

7